UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SOLANGY DE LOS SANTOS,                                      Civil Action No.:

                Plaintiff,

      -against-                                      **COMPLAINT**

DIVERSIFIED CONSULTANTS, INC.,                              **DEMAND FOR JURY TRIAL**

               Defendant(s).
------------------------------------------------------------X

Plaintiff SOLANGY DE LOS SANTOS ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., as and for its Complaint against the Defendant, DIVERSIFIED CONSULTANTS, INC., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act.

## PARTIES

2.     Plaintiff SOLANGY DE LOS SANTOS is a resident of the State of New York, residing at 108-70 49th Avenue, Corona, New York 11368.

3.     Defendant DIVERSIFIED CONSULTANTS, INC. is a Florida corporation

engaged in the business of debt collection with its address at 10550 Deerwood Park Boulevard, #309, Jacksonville, FL 32256.

4.     The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5.     Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same  were set forth at length herein.

9.     Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10.     Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on or about April 1, 2014.

11.     On April 14, 2014, Plaintiff placed a telephone call to Defendant and was

connected to a representative of Defendant who identified himself as "Ken Lauer."

12.     Plaintiff notified Mr. "Lauer" that she wished to dispute the balance claimed due.

13.     Mr. "Lauer" acknowledged Plaintiff's dispute and the call concluded.

14.     On March 15, 2016, Plaintiff placed a telephone call to Defendant and was connected to a representative who identified himself as "Gregory Shaw."

15.     Plaintiff asked Mr. "Shaw" if Defendant's records reflected that she had previously disputed the alleged debt.

16.     Mr. "Shaw" replied: "This is the fifth collection agency your account has been with so unfortunately [creditor] probably denied the dispute and validated the debt, ma'am."

17.     Plaintiff repeated her inquiry if Defendant's records reflected that she had previously disputed the debt.

18.     Mr. "Shaw" replied: "I'm not sure, ma'am. We just got the account back in October of 2015."

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20.     15 USC §1692 e – preface and e (10) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the

collection of any debt or to obtain information concerning a consumer.

21.    Defendant violated 15 USC §1692 e – preface and e (10) on March 15, 2016, by training, instructing and/or sanctioning employees exemplified by agent "Gregory Shaw" to invent information and deliberately deceive and mislead consumers such as Plaintiff. Plaintiff registered a consumer dispute with Defendant on April 14, 2014 with Defendant's agent "Ken Lauer" but when Plaintiff inquired of agent "Gregory Shaw" about the status of her account, Mr. "Shaw" was unable to locate the accurate information and so prevaricated by stating that the creditor had probably verified the debt and refused to accept Plaintiff's dispute. Mr. "Shaw" then stated falsely that Defendant "just got the account in October of 2015." Plaintiff's dispute of April 14, 2014 was a valid verbal dispute and as such, should have been recorded by Defendant. As Defendant knows, or should know, pursuant to *Dana Clark v. Absolute Collection Service, Inc.*, the Fourth Circuit of the U.S. Court of Appeals found that subparagraph (3) of 15 USC §1692 g (a) of the FDCPA, as written, triggers statutory protections for consumers, affirming the right of consumers to challenge a debt orally without imposing a written requirement.  The Court found further that, "Once a consumer disputes a debt orally, under section 1692 g (a)(3), a debt collector cannot communicate that consumer's credit information to others without disclosing the dispute."

22.    As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

23.    Plaintiff hereby respectfully requests a trial by jury for all claims and issues

in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.   For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.   For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.   For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E.   A declaration that the Defendant's practices violated the FDCPA;

F.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:          New York, New York
                June 8, 2016

Respectfully submitted,

By: _____
Edward B. Geller, Esq.(EG9763)
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:      (914)473-6783

*Attorney for the Plaintiff* SOLANGY DE LOS SANTOS

To:   Diversified Consultants, Inc.
      10550 Deerwood Pk. Blvd. Ste 309
      Jacksonville, Florida, 32256

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Eastern District of New York

      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.:


SOLANGY DE LOS SANTOS,

                              Plaintiff,

          -against-


DIVERSIFIED CONSULTANTS, INC.,

                              Defendant(s).


---

# COMPLAINT

---

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
*Phone:     (914)473-6783*

---